UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO MEZA, | 1:06-CV-0784 JMD HC |
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT |
| EDWARD ALAMEIDA et al., | |
| Respondents. | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Merced County Superior Court.  It was alleged that Petitioner committed the following offenses: 1) leaving the scene of an injury accident (Cal. Veh. Code § 20001(b)(1)); 2) driving under the influence and causing injury (Cal. Veh. Code § 23153(a)); and 3) driving with a blood alcohol content of .08 or more and causing injury (Cal. Veh. Code § 23153(b)).  It was further alleged that Petitioner inflicted great bodily injury on three of the victims (Cal. Penal Code § 12022.7(a)) and caused bodily injury to all four victims (Cal. Veh. Code § 23558).  The jury found Petitioner guilty as charged.  The trial court imposed an aggregate sentence of 13 years and 8

months, consisting of a three-year upper term for the driving under the influence charge, a total of nine years for the three great bodily injury enhancements, one year for a bodily injury enhancement, and eight months for leaving the scene of the accident. The court stayed the sentence for driving with a blood alcohol content of .08 or more and causing injury. (Answer at 1-4.)

Petitioner appealed to the California Court of Appeal. The court affirmed the judgment. (Answer at 2; Lodged Docs. 1-6.)

Petitioner filed a petition for review in the California Supreme Court. The court denied review without prejudice to any relief available to Petitioner "upon finality of *People v. Black* (2005) 35 Cal.4th 1238." (Answer at 2; Lodged Docs. 7-8.)

On June 20, 2006, Petitioner filed the instant petition in this Court. The petition raises the following four grounds for relief: 1) Petitioner's rights were violated when the trial court permitted the introduction of inadmissible opinion testimony; 2) Petitioner's rights were violated by the use of an improper jury instruction regarding the bodily injury enhancement under Vehicle Code section 23558; 3) Petitioner's rights were violated by the use of CALJIC instruction 17.41.1; and 4) Petitioner's rights were violated by the imposition of an upper term based on factors not found by a jury beyond a reasonable doubt.

On February 20, 2007, Petitioner filed a notice informing the Court of the Supreme Court's decision in *Cunningham v. California*, 549 U.S. 270 (2007).

On June 8, 2007, Respondent filed an answer to the petition.

<u>Consent to Jurisdiction of Magistrate Judge</u>

On July 6, 2006, Petitioner filed a Consent to Jurisdiction of United States Magistrate Judge. (Court Doc. 4.) On April 26, 2007, Respondent also filed a Consent to Jurisdiction of United States Magistrate Judge. (Court Doc. 12.) On June 4, 2007, the Court issued a consent order reassigning the case to Magistrate Judge William M. Wunderlich. (Court Doc. 13.) On September 3, 2008, the Court reassigned the case to the undersigned. (Court Doc. 16.)

U.S. District Court
E. D. California            Jp                              2

**FACTUAL BACKGROUND**[1]

Driving a pickup truck, Petitioner was weaving through traffic at a high rate of speed on Highway 152. He approached a Ford Explorer occupied by the McCullough family, parents Timothy and Kimberly and children Ashley and Daniel. After an unsuccessful attempt to pass the Explorer on the right shoulder, Petitioner attempted to cut behind the Explorer and pass it in the left lane, but rear-ended the Explorer instead. The Explorer spun and then rolled over five to seven times.

Timothy, Kimberly, and Ashley were all hospitalized with serious injuries. Daniel's injuries were minor.

Petitioner got out of his truck and ran away. He was apprehended about four hours later. His blood alcohol content tested between .136 and .22, and he denied he drank any alcohol after the accident. This meant that his blood alcohol content was probably about .32 at the time of the accident. The statutory threshold for driving under the influence is .08.

**DISCUSSION**

**I. Jurisdiction**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. In addition, the conviction challenged arises out of the Merced County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d). Accordingly, the Court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only

---

[1] The facts are derived from the factual summary set forth by the California Court of Appeal in its opinion of April 29, 2005 and are presumed correct. 28 U.S.C. §§ 2254(d)(2), (e)(1); Lodged Doc. 6.

1  applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment
2  of the AEDPA; thus, it is governed by its provisions.

3  **II.  Legal Standard of Review**

4        This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody
5  pursuant to the judgment of a State court only on the ground that he is in custody in violation of the
6  Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

7        The instant petition is reviewed under the provisions of the Antiterrorism and Effective Death
8  Penalty Act which became effective on April 24, 1996.  Lockyer v. Andrade, 538 U.S. 63, 70 (2003).
9  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of
10 the claim "resulted in a decision that was contrary to, or involved an unreasonable application of,
11 clearly established Federal law, as determined by the Supreme Court of the United States" or
12 "resulted in a decision that was based on an unreasonable determination of the facts in light of the
13 evidence presented in the State Court proceeding."  28 U.S.C. § 2254(d); see Lockyer, 538 U.S. at
14 70-71; see Williams, 529 U.S. at 413.

15       As a threshold matter, this Court must "first decide what constitutes 'clearly established
16 Federal law, as determined by the Supreme Court of the United States.'"  Lockyer, 538 U.S. at 71,
17 *quoting* 28 U.S.C. § 2254(d)(1).  In ascertaining what is "clearly established Federal law," this Court
18 must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time
19 of the relevant state-court decision."  Id., *quoting* Williams, 592 U.S. at 412.  "In other words,
20 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set
21 forth by the Supreme Court at the time the state court renders its decision."  Id.

22       Finally, this Court must consider whether the state court's decision was "contrary to, or
23 involved an unreasonable application of, clearly established Federal law."  Lockyer, 538 U.S. at 72,
24 *quoting* 28 U.S.C. § 2254(d)(1).  "Under the 'contrary to' clause, a federal habeas court may grant
25 the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a
26 question of law or if the state court decides a case differently than [the] Court has on a set of
27 materially indistinguishable facts."  Williams, 529 U.S. at 413; see also Lockyer, 538 U.S. at 72.
28 "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court

identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.

"[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

Petitioner has the burden of establishing that the decision of the state court is contrary to or involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. See Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir. 1999).

AEDPA requires that we give considerable deference to state court decisions. The state court's factual findings are presumed correct, 28 U.S.C. § 2254(e)(1), and we are bound by a state's interpretation of its own laws. Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir. 2002), *cert. denied*, 537 U.S. 859 (2002), *rehearing denied*, 537 U.S. 1149 (2003).

**III.  Review of Petitioner's Claims**

**A.  Ground One**

Petitioner argues that his rights were violated when the trial court permitted a California Highway Patrol officer to testify that Petitioner was drunk at the time of the accident. Petitioner claims that the testimony was inadmissible opinion testimony that was irrelevant and prejudicial.

This claim was raised in an appeal to the California Court of Appeal, which affirmed the judgment. (Lodged Docs. 1-6.) The issue was then raised in an appeal to the California Supreme Court, which summarily denied review. (Lodged Docs. 7-8.) The California Supreme Court, by its "silent order" denying review, is presumed to have denied the claims presented for the same reasons stated in the opinion of the lower court. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

In rejecting Petitioner's claim, the Court of Appeal found that the officer did not improperly

U.S. District Court
E. D. California      Jp                                5

testify Petitioner was guilty of the offense and that any error in admitting the testimony was harmless, as other evidence demonstrated that Petitioner was intoxicated at the time of the accident. (Lodged Doc. 6 at 5-6.)

"State prisoners are entitled to habeas relief under 28 U.S.C. § 2254 only if their detention violates the Constitution or a federal statute or treaty. A state court's procedural or evidentiary ruling is not subject to federal habeas review unless the ruling violates federal law, either by infringing upon a specific federal constitutional or statutory provision or by depriving the defendant of the fundamentally fair trial guaranteed by due process." Walters v. Maass, 45 F.3d 1355, 1357 (9th Cir. 1995) (citations omitted). Further, "[t]o grant relief where a state court has determined that a constitutional error was harmless, we must both determine (1) that the state court's decision was 'contrary to' or an 'unreasonable application' of Supreme Court harmless error precedent, and (2) that the petitioner suffered prejudice under *Brecht* from the constitutional error." Inthavong v. Lamarque, 420 F.3d 1055, 1059 (9th Cir. 2005). "Since both the *Brecht* and the AEDPA/*Esparza* tests must be satisfied with respect to harmless error before relief can be granted, we are not obliged to address them in any particular order." Id. at 1061.

Petitioner has not shown that admission of the officer's testimony deprived him of a fundamentally fair trial or that it had a substantial and injurious effect or influence on the jury's verdict. While the officer did testify that, in his opinion, Petitioner "was under the influence of alcoholic beverage at the time of the collision," he also stated that his conclusion was based on the DUI evaluation he conducted, which he described in detail, and the fact that Petitioner told him that he had consumed alcohol prior to the accident but not after. (RT at 78-91, 101-02.) Several witnesses also testified that Petitioner was driving erratically prior to the accident. (RT at 200-03, 224, 229-34, 249-52.) Given this evidence, it is unlikely that the officer's opinion about whether Petitioner was under the influence at the time of the accident had a significant impact on the jury's verdict.

**B. Ground Two**

Petitioner argues that his rights were violated when the trial court failed to properly instruct the jury regarding the bodily injury enhancement under Vehicle Code section 23558. Petitioner

claims that the jury should have been instructed that, if it determined that Petitioner inflicted great bodily injury on Timothy, Kimberly, and Ashley, it must only consider the injuries to Daniel when reaching a verdict on the section 23558 enhancement.

This claim was raised in an appeal to the California Court of Appeal, which affirmed the judgment. (Lodged Docs. 1-6.) The issue was then raised in an appeal to the California Supreme Court, which summarily denied review. (Lodged Docs. 7-8.) The California Supreme Court, by its "silent order" denying review, is presumed to have denied the claims presented for the same reasons stated in the opinion of the lower court. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

In rejecting Petitioner's claim, the Court of Appeal found that the jury had been properly instructed and that the trial court properly imposed one enhancement for each of the injured victims. (Lodged Doc. 6 at 6-8.)

To obtain federal habeas relief on the basis of an incorrect jury instruction, a petitioner must show more than that the instruction was undesirable, erroneous, or even universally condemned; the question is whether the instruction by itself so infected the entire trial that the resulting conviction violated due process. Estelle v. McGuire, 502 U.S. 62, 71-72 (1991). "It is well established that the instruction 'may not be judged in artificial isolation,' but must be considered in the context of the instructions as a whole and the trial record." Id. "If the charge as a whole is ambiguous, the question is whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way that violates the Constitution." Middleton v. McNeil, 541 U.S. 433, 437 (2004) (quotation marks omitted).

Here, the information alleged three enhancements under Penal Code section 12022.7(a)–one each for Timothy, Kimberly, and Ashley. (CT at 81-82.) Section 12022.7(a) reads as follows:

> Any person who personally inflicts great bodily injury on any person other than an accomplice in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for three years.

Cal. Penal Code § 12022.7(a). The information also alleged an enhancement under Vehicle Code section 23558 for causing bodily injury to Timothy, Kimberly, Ashley, and Daniel. (CT at 81-82.) Section 23558 reads in part as follows:

> A person who proximately causes bodily injury or death to more than one victim in any one instance of driving in violation of Section 23153 of this code . . . shall, upon a felony conviction . . . receive an enhancement of one year in the state prison for each additional injured victim.

Cal. Veh. Code § 23558.

The jury was instructed that it had to determine whether Petitioner "inflicted great bodily injury on Timothy McCullough, Ashley McCullough and Kimberly McCullough" and whether he "proximately caused bodily injury to Timothy, Ashley, Kimberly and Daniel McCullough." (RT at 331-32.) The jury made separate findings that Petitioner did inflict great bodily injury on Timothy, Ashley, and Kimberly. (CT at 151-52; RT at 392-93.) It further found that Petitioner did cause bodily injury to all four victims. (CT at 151-52; RT at 393.) Based on these findings, the court imposed the three great bodily injury enhancements and one bodily injury enhancement.

The state court's determination that Petitioner's rights were not violated was not unreasonable. Petitioner has not shown that the instructions as given violated due process as they were consistent with the law applicable to the enhancements.

**C. Ground Three**

Petitioner argues that his rights were violated when the trial court instructed the jury with CALJIC instruction 17.41.1. Petitioner claims that the instruction infringed on the secrecy of the jury's deliberations and constituted an impermissible anti-nullification instruction. The instruction reads as follows:

> The integrity of a trial requires that jurors, at all times during their deliberations, conduct themselves as required by these instructions. Accordingly, should it occur that any juror refuses to deliberate or expresses an intention to disregard the law or to decide the case based on [penalty or punishment, or] any [other] improper basis, it is the obligation of the other jurors to immediately advise the Court of the situation.

(CT at 135.)

This claim was raised in an appeal to the California Court of Appeal, which affirmed the judgment. (Lodged Docs. 1-6.) The issue was then raised in an appeal to the California Supreme Court, which summarily denied review. (Lodged Docs. 7-8.) The California Supreme Court, by its "silent order" denying review, is presumed to have denied the claims presented for the same reasons stated in the opinion of the lower court. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

In rejecting Petitioner's claim, the Court of Appeal found that giving the instruction was

error, but that the error was harmless.  (Lodged Doc. 6 at 8-10.)

The state court's determination was not unreasonable because no Supreme Court case establishes that such an instruction violates any constitutional right.  <u>Brewer v. Hall</u>, 378 F.3d 952, 955-56 (9th Cir. 2004) ("It is clear, however, that the California appellate court's holding was not contrary to or an unreasonable application of clearly established Supreme Court precedent, because no Supreme Court case establishes that an instruction such as CALJIC 17.41.1 violates an existing constitutional right.").

**D.  Ground Four**

Petitioner argues that his rights were violated when the trial court imposed an upper term based on facts not found by the jury beyond a reasonable doubt.

This claim was raised in an appeal to the California Court of Appeal, which affirmed the judgment.  (Lodged Docs. 1-6.)  The issue was then raised in an appeal to the California Supreme Court, which summarily denied review.  (Lodged Docs. 7-8.)  The California Supreme Court, by its "silent order" denying review, is presumed to have denied the claims presented for the same reasons stated in the opinion of the lower court.  <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803 (1991).

In rejecting Petitioner's claim, the Court of Appeal found that imposition of the upper term was permissible as it was partly based on Petitioner's prior convictions.  (Lodged Doc. 6 at 14.)

While the imposition of an upper term based on aggravating factors not found by the jury generally violates the Sixth Amendment, the Supreme Court has retained an exception for findings of a defendant's prior convictions.  <u>Cunningham v. California</u>, 127 S.Ct. 856, 868 (2007); <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000).  Further, "under California law, only one aggravating factor is necessary to set the upper term as the maximum sentence."  <u>Butler v. Curry</u>, 528 F.3d 624, 643 (9th Cir. 2008).  For that reason, if at least one of the aggravating factors on which the judge relied in sentencing was established in a manner consistent with the Sixth Amendment, the sentence does not violate the Constitution.  <u>Id.</u>

Here, in selecting the upper term for the driving under the influence charge, the trial judge relied on the nature and circumstances of the crime, the vulnerability of two of the victims, the fact that Petitioner fled the scene, Petitioner's prior DUI conviction, and the escalating nature of

Petitioner's offenses.  (CT at 183-84.)

The state court's determination that Petitioner's rights were not violated was not unreasonable, as the trial court sentenced him to the upper term based in part on his prior conviction. The finding regarding the prior conviction was sufficient on its own to authorize the imposition of an upper term.  See Butler v. Curry, 528 F.3d 624, 643 (9th Cir. 2008).  The fact that the court may have also considered other factors not falling within the prior conviction exception does not affect the analysis.  See id. at 648-49 ("[T]he relevant question [regarding a Sixth Amendment sentencing violation] is not what the trial court would have done, but what it legally could have done.  After one aggravating factor was validly found, the trial court legally could have imposed the upper term sentence.  That the judge might not have done so in the absence of an additional factor does not implicate the Sixth Amendment, as that consideration concerns only the imposition of a sentence within an authorized statutory range.").

## IV.  Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DENIED with prejudice;

2. The Clerk of Court is DIRECTED to enter judgment; and

3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   September 8, 2008            /s/ John M. Dixon
                                      UNITED STATES MAGISTRATE JUDGE